# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEMITRIA HOWARD, on behalf of herself and a class, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 10 C 3225 |
| v. | ) ) |
| RENAL LIFE LINK, INC, d/b/a DAVITA INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On August 18, 2010, Plaintiff Demitria Howard, on behalf of herself and a class, filed the present two-count First Amended Class Action and Collective Complaint against her employer Defendant Renal Life Link, Inc., d/b/a DaVita, Inc. ("DaVita"), alleging violations of the Fair Labor Standards Act ("FSLA"), 29 U.S.C. § 201 *et seq*. and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq*. Before the Court is DaVita's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies DaVita's motion.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of

what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)).  As the Seventh Circuit teaches this "[r]ule reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)).

Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.  Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570).  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007); *McGowan v. Hulick,* 612 F.3d 636, (7th Cir. 2010) (courts accept factual allegations as true and draw all reasonable inferences in plaintiff's favor).

**BACKGROUND**

From late 2007 until the present, DaVita employed Howard as a dialysis technician. (R. 30, Am. Compl. ¶¶ 7, 35.)  Although Howard regularly worked in excess of 40 hours per week, she alleges that DaVita only credited her with working a maximum of 40 hours a week. (*Id.* ¶ 19.)  More specifically, in September 2009, Howard noticed that she may have not been receiving full compensation for the hours she worked, so she spoke to her manager about her

unpaid overtime.  (*Id*. ¶ 21.)  Howard further alleges that DaVita management largely ignored her complaints regarding this problem.  (*Id*. ¶ 22.)  Meanwhile, Howard also alleges that several other DaVita employees complained that their hours were being deducted, including employees from DaVita's Emerald Unit that had more than 20 employees.  (*Id*. ¶¶ 24, 25, 26.)

In March 2010, Howard sent an email to the DaVita's Regional Operations Director, Matthew Forsythe, to inform him that she had not been fully compensated for the hours she worked.  (*Id*. ¶ 30.)  In May 2010, Forsythe met with Howard to discuss the back pay owed to her.  (*Id*. ¶ 31.)  Forsythe offered back pay, but Howard alleges that DaVita owed her significantly more than Forsythe offered.  (*Id*. ¶ 32.)  Also, Howard alleges that DaVita did not compensate other dialysis technicians for overtime at one and one-half times the regular rate.  (*Id*. ¶ 35.)  Last, Howard alleges that it was DaVita's policy and practice to falsely deduct hours from its employees time cards to bring their total hours below 40 per week to avoid paying overtime.  (*Id*. ¶¶ 20, 34.)

## ANALYSIS

First, DaVita argues that Howard has failed to allege sufficient facts to state a putative class action and collective claims under the IMWL and FLSA.  In particular, DaVita argues that the "First Amended Complaint does not state the factual grounds comprising the putative class members' claims of IMWL or FLSA overtime violations."  (R. 32-1, Def.'s Mem., at 3.)  DaVita also argues that Howard failed to clearly define the class in her First Amended Complaint.  In essence, DaVita maintains that Howard failed to sufficiently make allegations pursuant to the requirements under Federal Rule of Civil Procedure 23.

Whether a plaintiff has fulfilled Rule 23 class action requirements, however, is not an appropriate inquiry at the motion to dismiss stage. As the leading treatise on federal practice and procedure states:

> Compliance with the Rule 23 prerequisites theoretically should not be tested by a motion to dismiss for failure to state a claim or by a summary judgment motion. The proper vehicle is Rule 23(c)(1)(A), which provides that, at an early practicable time, the court must "determine by order whether to certify the action as a class action." Therefore, a party wishing to challenge the validity of maintaining the action under Rule 23 should move for a determination under Rule 23(c)(1) that a class action is unwarranted.

Wright, Miller & Kane, *Federal Practice & Procedure,* Civil 3d § 1798; *see also Holtzman v. Caplice,* No., 07 C 7279, 2008 WL 2168762, at *2-3 (N.D. Ill. May 23, 2008) (challenge to numerosity best left for class certification motion); *Walker v. County of Cook,* 05 C 5634, 2006 WL 2161829, at *2 (N.D. Ill. July 28, 2006) (issues regarding commonality and typicality as required under Rule 23 were prematurely raised in a Rule 12(b)(6) motion); *Oxman v. WLS-TV,* 595 F.Supp. 557, 561-62 (N.D. Ill. 1984) (motion to dismiss was premature because issues would be better raised in motion opposing class certification). Therefore, DaVita's arguments that Howard failed to sufficiently define the putative class and the factual grounds comprising the putative class members' claims are best left for the class certification stage.

Next, DaVita argues that the Court should dismiss Howard's First Amended Complaint because she alleges certain allegations based on "information and belief." As long are there is sufficient detail to a complaint, allegations based on "information and belief" are acceptable under Rule 8(a). *See Hickman v. Wells Fargo Bank N.A.,* 683 F.Supp.2d 779, 785 (N.D. Ill. 2010) (citing *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009); *see also Smith v. Harvey,* No. 08 C 0816, 2010 WL 1292473, at *4 (N.D. Ill. Mar. 29, 2010) ("Supreme Court did not strike

[information and belief] from the lexicon when it made the pleading rules more demanding"). Indeed, DaVita fails to cite any authority that allegations made on information and belief are impermissible under Rule 8(a). *See Trustees of the Auto. Mechanics' Indus. Welfare & Pension Funds* v. *Elmhurst Lincoln Mercury*, 677 F.Supp.2d 1053, 1055 (N.D. Ill. 2010). Therefore, Howard's allegations in paragraphs 29, 34, and 35 are not deficient under the federal notice pleading standards.

Viewing the allegations and all reasonable inferences in Howard's favor, she has sufficiently alleged facts that state a claim to relief that is plausible on its face, thus giving DaVita fair notice of her claims and the grounds upon which they rest. *See Twombly,* 550 U.S. at 555, 570. In particular, Howard alleges that she was not properly compensated for the hours she worked and that she complained to management about this issue. Howard further alleges that management initially ignored her problem of unpaid overtime and then DaVita's Regional Operations Director, Matthew Forsythe, failed to solve the problem. She also maintains that other employees in her unit also complained that DaVita improperly deducted their wages and that DaVita had a pattern and practice of falsely deducting wages from its employees. Howard's claims are plausible on their face because she has alleged enough facts to raise a reasonable expectation that discovery in this lawsuit will reveal evidence supporting her allegations. *See Brooks*, 578 F.3d at 581.

## CONCLUSION

For these reasons, the Court denies Defendant's motion to dismiss.

Dated: November 1, 2010

                          **ENTERED**

                          _____
                          **AMY J. ST. EVE**
                          **United States District Judge**